Filed 30 DEC 2019 AM 10:35
USBC WAWB TACOMA WA

Judge: Mary Jo Heston
Chapter 13
Tacoma

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

In Re: ) Case No. 19-42919-MJH
)
CLARENCE LEROY HANKINS ) MOTION TO VACATE CHAPTER 13
) DISMISSAL
debtor )
)
) DECLARATION
)
)

REASONABLE ACCOMMODATION REQUESTS:

1) I request a *"change, exception, or adjustment"* to all Court *"rules, policies, practices, or services"* as this handicapped person and/or my *"assistant"* (42 U.S.C. §§ 3617 & 3631) reasonably deem *"necessary"* to accomplish my Chap 13 reorganization including without limitation: extension of responses; form of motions and responses; change in spacing; court appointed RICO lawyer; and Court appointed attorney within the meaning of 42 U.S.C. § 3613; not attending hearings without a Court appointed attorney and after my new doctor advises me I am so able or that I am limited to responding in writing:

> *"Under the Fair Housing Act a reasonable accommodation is a **change, exception, or adjustment to a rule, policy, practice, or service**. The Fair Housing Act makes it unlawful to refuse to make reasonable accommodations to rules, policies, practices, or services when such accommodations may be necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling and public and common use areas."*
> https://www.hud.gov/program_offices/fair_housing_equal_opp/reasonable_accommodations_and_modifications

DECLARATION:

2) I, Clarence L. Hankins declare I am an *"aggrieved person"* (42 U.S.C. § 3602(i)) and *"witness victim or informant"* (18 U.S.C. §§ 1512 & 1513) to multiple *"discriminatory housing*

---

1 Declaration. Motion To Vacate Dismissal of Hankins' Chapter 13 Bankruptcy

*practices"* (42 U.S.C. § 3602(f)). I am a handicapped person with Takotsubo cardiomyopathy, or stress cardiomyopathy.

3) I have done everything humanly possible, within the limits of my handicap, capability and memory, to accommodate the Trustee as I understand the Trustee's direction based upon information provided by Mr. Symmes.

4) My understanding is Mr. Symmes implied and led me to believe the Trustee required certain documents and did not care about due process and an investor being kidnapped at gunpoint with intent to *"murder"* the family member of a *"witness, victim or informant."* 18 U.S.C. §§ 1512 & 1513.

5) I caused to provide every document within the law. I believe providing the crossed out name of an insurance purchaser was not reasonable, rational, within the law, violated any competent trustee's Oath of Office, was intentional endangerment and was outside of any competent trustee's jurisdiction.

6) Mr. Symmes chastised me et al for refusing to aid and abet:
  *"attempts to kill" "..with intent to retaliate...".* 18 U.S.C. § 1513(a)(1) reasonably knowing 18 U.S.C. § 1513(a)(2)(B) *"...in the case of an attempt, imprisonment for not more than 30 years."*

  18 U.S.C. § 1512(a)(3)(B)(i) *"an attempt to murder;"*
  *18 U.S.C. § 1512(b)(1): with intent to*
  *(1) influence, delay, or prevent the testimony of any person in an official proceeding;*

  18 U.S.C. § 1512(b)(3): *"hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense."*

7) The suspect, believed to be the only person with motive, means and opportunity, that attempted to murder the investor, is believed to be still at large and is permitted to commit criminal acts with impunity by apparently splitting millions in unjust enrichment with certain federal officials as civil forfeiture(s).

8) SunTrust personnel were also permitted to pay $1 billion in fines in lieu of imprisonment as a part of a civil forfeiture. According to the Compliant cited in previous documents submitted to this Court, SunTrust personnel's felonies were extensive. The DOJ terminated SunTrust's ability to submit *"false" "documents"* a.k.a. forged notes to courts and for public records on or about 2014. The DOJ did not state SunTrust had the right to launder forged documents through state courts past the 2014 deadline. The same *false documents* have not changed. SunTrust laundered a forged note, appertaining to the Virginia Street Property, through a Snohomish County court.

9) Mr. Symmes effectively led me to believe this Court did not care if relevant facts were concealed from the state court and this Court or if this Court deprived me of due process rights under color of law.

2 Declaration. Motion To Vacate Dismissal of Hankins' Chapter 13 Bankruptcy

10) A miscommunication in document due dates inter alia led me to believe the requested documents were due "*12-4-19.*" The exception was the name of the person, who purchased insurance, was crossed out.

11) The Trustee required insurance. Insurance was purchased. The Trustee then "quid pro quo" "conditioned" the insurance purchaser's name. It was communicated to Mr. Symmes the person who purchased the insurance was a victim to *"retaliation"* (18 U.S.C. § 1513), kidnapping and *"attempt to kill."* Further, if the investor's location were made a part of the public record there may be more incidents with a deadly weapon. The same victim may be a loan guarantor to pay off the original wet blue ink note pertaining to the Virginia Street Property. Further, the investor should not aid and abet *"false lost note assignments"* (per the DOJ in the U.S.A v. SunTrust (2014) Complaint) or the theft of the identity and forged signature (18 U.S.C. §§ 1028 & 1961(1)(B)) of the note maker SunTrust et al *"concealed"* (18 U.S.C. § 1001) from the state court resulting in a judgment in absentia (i.e. I was never personally served). The investor was related to a *"witness, victim or informant"* (18 U.S.C. §§ 1512 & 1513). The investor was victim to *"retaliation"* (18 U.S.C. § 1513) including kidnapping at gunpoint and *"attempt to kill."* The investor is experiencing ongoing physical *"fear"* (18 U.S.C. §§ 1951(b)(2) & 1961(1)(B)) as a result of reckless disregard for *"due process"* rights including the right to *"life."*

12) I believe no sane, rational and reasonable trustee or judge or officer of the court would knowingly and willfully violate their Oath Of Office and engage in an abuse of discretion affecting the substantial constitutional right to "life" of a family member of a *"witness victim or informant."* Accordingly, aid and abet a second murder; third kidnapping; one kidnapping attempt and *"attempt to kill."* If the foregoing was not communicated to the Trustee it was NOT for lack of effort.

13) My attorney, Mr. Symmes, led me to believe this Court would provide the attempted murder victim / investor a protection order or this Court would seal the file. Apparently this was not true. I have received no such documents.

14) The Life Tenancy Estate ("LTE") is *"necessary"* to obtain *"equal opportunity"* (42 U.S.C. § 3604(f)(3)(B)) and retain the constitutional right to *"life."* Because the LTE is minutes from a manned fire station it is also instrumental to all persons with life threatening medical conditions, such as mine, because the proximately location to emergency services may save my life and the lives of others. Accordingly, it was effectively imparted to Mr. Symmes I am a rational person who would want to be sure the documents intended for the Trustee were emailed to Symmes on 12-3-19 to satisfy what I was effectively led to believe was the day before the *12-4-19* due date.

15) The Trustee apparently desired the documents prior to 12-4-19.

16) I understand the Trustee and this Court were prejudiced by the misstatement that there was a $300,000± 3000 s.f.± house cited on the Bk application that was not disclosed as an asset.

17) Symmes erred when conducting Lewis County property value research.

18) Contrary to Symmes' ***"Stop Foreclosure"*** and ***"End Your Stress"*** *"pretenses, representations and promises" "transmitted by means of wire"* and Symmes' fulfillment of the objective of the Chap 13 reorganization, Symmes intentionally required me to sign a declaration advising the Trustee that I mistakenly added the neighboring 3000 s.f. "Dickerson residence" because of handicap and memory loss.

3 Declaration. Motion To Vacate Dismissal of Hankins' Chapter 13 Bankruptcy

19) Reasonably knowing the Dickerson residence was never a part of my 50% ownership in the Lewis County property and was a substantial distance from my property line, I capitulated to extortion and signed a declaration, under *"threat"* of *interference with* [my] *right to fair housing*, stating the addition of the 3000 s.f. dwelling was a mistake because of handicap, memory loss and stress cardiomyopathy.

20) Put simply I signed the declaration and revised Bk application under duress.

21) It appears to me Mr. Symmes intentionally prejudiced this Court. I had accurately stated I lived in a camp trailer with no electricity; no water; no sewer and no phone service. Further, I am not computer sapient. I rely upon others for computer functions. I did NOT need to research that the Dickerson residence, situated a substantial distance from my property line, was located on any part of the Lewis County property.

22) I *reasonably* requested (42 U.S.C. § 3604(f)(3)(B)) that Symmes file a motion for the competent counsel, authorized by 42 U.S.C. § 3613(b), so a competent attorney could commence an adversary proceeding and thus provide me due process. Mr. Symmes refused reasonably knowing, as a quasi public official, he caused me to be deprived of Due Process rights.

CONCLUSION:

17) Residing in an area where there is no manned emergency services and no cell phone communication to summons emergency assistance is *"stressful."* Further, given the myriad of Hankins' publicly recorded *"reasonable accommodation"* (42 U.S.C. § 3604(f)(3)(B)) requests for a loan for a rent income producing addition, that was concealed from the state court; any judgment and sale were unconscionable and justice was not otherwise done. Accord, Mr. Symmes' emboldened ***"Stop Foreclosure"*** and ***"End Your Stress"*** *"pretenses, representations and promises" "transmitted by means of wire"* were considered a divine answer to prayer.

18) Hankins believes he has the right to rely upon laws of the United States that state Mr. Symmes, the Trustee and this Court must provide a ***change, exception, or adjustment to a rule, policy, practice, or service*** to attain *"equal opportunity"* (42 U.S.C. § 3604(f)(3)(B)) in reliance upon "Due Process" rights" and the *"Equal Protection Clause."* While the Equal Protection Clause itself applies only to state and local governments, Hankins has the right to rely upon the SCOTUS in Bolling v. Sharpe, 347 U.S. 497 (1954) holding that: *"the Due Process Clause of the Fifth Amendment nonetheless imposes various equal protection requirements on the federal government via reverse incorporation."*

19) Hankins believes he should be able to rely upon housing laws of the United States including related housing statutes and SCOTUS holdings that preempt conflicting state and federal laws. Hankins believes he had the right to rely upon Mr. Symmes bold [emphasis added] *"pretenses, representations or promises" "transmitted by means of wire"* that Mr. Symmes could permanently ***"Stop Foreclosure"*** and permanently ***"End*** [foreclosure related] ***"Stress."***

20) Accordingly Hankins believes: a) he can rely upon this Court and the Trustee to provide Hankins due process so Hankins can reside in a dwelling unit next to a fire station and emergency services by the payment of fees and engaging in a Chapter 13 reorganization plan; b)

---

4 Declaration. Motion To Vacate Dismissal of Hankins' Chapter 13 Bankruptcy

the 2014 DOJ was correct in stating the note this Court is attempting to enforce is a *"false" "document"* a.k.a. forged and void ab initio.

21) Hankins believes this Court; HUD; the United States and the Trustee were **defrauded** by *misrepresentation* and concealment of relevant facts that deprived Hankins of due process rights under color of law. When Mr. Symmes *"neglected"* to comply with 18 U.S.C. § 4 requirements, Hankins was also denied due process.

On its own motion this Court may relieve Hankins and the Virginia Street Property from *"final judgment."*

> Rule 60(b) *Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:*
> (1) *mistake, inadvertence, surprise, or excusable neglect;*
> (3) *fraud (whether previously called intrinsic or extrinsic),* **misrepresentation,** *or misconduct by an opposing party;*

22) WHEREFORE, Clarence Hankins prays this Court:

a) Vacate the Dismissal of Hankins' Chapter 13 Bankruptcy.

b) Permits the Chapter 13 reorganization plan to continue.

c) Provides an email address so Hankins' assistants may communicate with the Clerk and Trustee directly by email until competent counsel and court appointed counsel can represent Hankins.

22) Hankins is not an attorney. Any *"assistant"* (42 U.S.C. §§ 3617; 3631 & 24 C.F.R. § 100.400) is not an attorney. Neither pretend to be one.

23) This is also an 18 U.S.C. § 4 report. Relevant facts; fraud upon courts; housing laws of the United States; relevant SCOTUS findings and substance prevail over form.

Respectfully submitted by Clarence Hankins this 17th day of December 2019.

X *[signature: Clarence S Hankins]*

5 Declaration. Motion To Vacate Dismissal of Hankins' Chapter 13 Bankruptcy

6 Declaration. Motion To Vacate Dismissal of Hankins' Chapter 13 Bankruptcy